# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**CHRISTOPHER BLAIR DESHAUN ROBINSON**　　　　　　　　　　　　**PLAINTIFF**
**ADC # 164517**

v.　　　　　　　　　　Case No. 2:18-cv-00106-KGB

**R. BARDON**, *et al.*,　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Plaintiff Christopher Blair Deshaun Robinson filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* on July 30, 2018 (Dkt. Nos. 1, 2). Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 3). Mr. Robinson timely filed objections (Dkt. No. 4). After a review of the Proposed Findings and Recommendations and Mr. Robinson's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety (Dkt. No. 3).

Under the three-strikes provision of the Prisoner Litigation Reform Act ("PLRA"), the Court must dismiss a prisoner's *in forma pauperis* action at any time if it determines that a prisoner has "on 3 or more prior occasions," while detained, "brought an action or appeal in a court of the United States" that was dismissed, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Robinson has garnered at least three strikes. *See Robinson v. Atkins, et al.*, Case No. 4:16-cv-00548-JM (E.D. Ark. Oct. 17, 2016) (counting dismissal as strike); *Robinson v. Brooks, et al.*, Case No. 5:17-cv-00101-JLH (E.D. Ark. Aug. 15, 2017) (counting dismissal as strike); *Robinson v. Johnson, et al.*, Case No. 4:17-cv-00189-KGB (E.D. Ark. Nov. 8, 2017) (dismissing without prejudice Mr. Robinson's claims for failure to state a claim upon which relief may be granted).

The record does not indicate that Mr. Robinson was in imminent danger of serious physical injury at the time he filed his complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("[A]n otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*." (emphasis in original)). In his complaint, Mr. Robinson asserts that several prison guards allegedly "jumped on" him. Mr. Robinson does not, however, assert in his complaint that he is in imminent danger of serious injury. The Court concurs with Judge Kearney's conclusion that Mr. Robinson has provided no evidence that he was in danger of serious injury at the time he filed his complaint. Thus, the Court dismisses without prejudice Mr. Robinson's complaint. Mr. Robinson shall have 30 days from the entry of this Order to reopen this case by paying the $400.00 filing fee in full.

It is therefore ordered that:

1. Mr. Robinson's motion for leave to proceed *in forma pauperis* is denied (Dkt. No. 1).

2. Mr. Robinson's complaint is dismissed without prejudice (Dkt. No. 2).

3. Mr. Robinson has 30 days from the date of this Order in which to reopen this case by paying the $400.00 filing fee in full with a notation that indicates the payment is made specifically in regard to this case number.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

5. Although the Court has reviewed the allegations in the motion when conducting its *de novo* review of the record in this case, Mr. Robinson's remaining motion is denied as moot (Dkt. No. 7).

It is so ordered this the 31st day of October, 2018.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE